UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES D. CHATMAN         ]
    Petitioner,         ]
                         ]
v.                       ]     No. 3:08-0443
                         ]
STATE OF TENNESSEE       ]
    Respondent.        ]

To: Honorable Robert L. Echols, Senior District Judge

### REPORT AND RECOMMENDATION

By an order (Docket Entry No. 13) entered June 18, 2008, the Court referred this action to the Magistrate Judge "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L. R. M. J."

Presently pending is the respondent's Motion to Dismiss (Docket Entry No. 11), to which the petitioner has offered no reply. The undersigned has conducted a review of the respondent's Motion and the record in this case and has concluded, for the reasons stated below, that respondent's Motion has merit and should be granted.

### I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Deberry Special Needs Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2254 against the State of Tennessee seeking a writ of habeas corpus.

In March, 1994, a jury in Montgomery County found the petitioner guilty of child rape. For

1

this crime, he received a sentence of twenty (20) years in prison. Docket Entry No. 16-1 at pg. 4. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 12-1 (Appendix A) at pgs. 1-6. The Tennessee Supreme Court later denied the petitioner's application for further review.

On March 18, 2008, the petitioner filed the instant petition (Docket Entry No. 1) for federal habeas corpus relief.[1] In the petition, he claims that the evidence was not sufficient to support the conviction.

Upon its receipt, the Court reviewed the petition and determined that it was not facially frivolous. Accordingly, by an order (Docket Entry No. 8) entered May 19, 2008, the respondent was directed to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

The respondent has answered with a Motion to Dismiss (Docket Entry No.11) the petition, alleging that this action is untimely. Having carefully considered these pleadings and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

## II. TIMELINESS OF THE PETITION

**A.) Statute of Limitation**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132,

---

[1] The petition is stamped as filed on March 19, 2008. However, a prisoner's pleading is considered filed on the date that it was placed in the institutional mail system for posting. Houston v. Lack, 487 U.S. 266 (1988). The petition was signed on March 18, 2008. Since it is doubtful that the petition was received in the Clerk's Office on the same day that it was placed in the prison mail system for posting, the earlier date is considered the day that the petition was filed.

110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Consequently, a prisoner in custody pursuant to the judgment of a state court generally has one year from the date his judgment becomes final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).[2]

The petitioner was found guilty on March 30, 1994. Docket Entry No. 16-1 at pg. 4. The limitation period will normally run from "the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The petitioner's direct appeal was concluded on March 25, 1996, the date that the Tennessee Supreme Court denied his application for further review. Docket Entry No. 12-1 (Appendix A) at pg. 1. Thus, petitioner's judgment became final as of that date.

For habeas corpus claims arising prior to the enactment of § 2244(d), as is the case here, the limitation period begins to run from the Act's effective date, i.e., April 24, 1996. Carey v. Saffold, 536 U.S. 214, 217 (2002). Therefore, the petitioner had through April 23, 1997 in which to initiate the instant action.

The habeas corpus petition (Docket Entry No. 1) initiating this action was filed on March 18, 2008, more than ten (10) years beyond the expiration of the limitation period. As a consequence, this action was not filed in a timely manner. It should be noted, however, that the limitation period is tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this case, the petitioner filed a petition for DNA testing in

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

3

the Criminal Court of Montgomery County on March 30, 2006. Docket Entry No. 12-1 (Appendix B) at pg. 8. But to the extent that this petition might be considered an appropriate filing for state collateral relief, it had no tolling effect because the limitation period had already long since expired. Lewis v. Bowlen, 2001 WL 34054644 (6th Cir. Tenn.).

**B.) Equitable Tolling of the Limitation Period**

The period of limitation does not act as a jurisdictional bar. Accordingly, the one year limitation period is subject to equitable tolling in appropriate circumstances. Griffin v. Rogers, 399 F.3d 626, 631 (6th Cir. 2005). The doctrine of equitable tolling, however, should be applied sparingly. Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. Keenan v. Bagley, 400 F.3d 417, 420 (6th Cir. 2005). The burden includes a showing that (1) the petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way. Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007). The petitioner has offered no factual allegations to suggest that equitable tolling would be appropriate in this instance. Therefore, this action is untimely and subject to dismissal.

**R E C O M M E N D A T I O N**

Upon consideration of the pleadings and the record in this case, it appears that the instant action is untimely. Accordingly, the undersigned respectfully RECOMMENDS that respondent's motion be GRANTED and that this action should be DISMISSED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions

4

of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); U.S. v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

*s/ John S. Bryant*

John S. Bryant
United States Magistrate Judge